**UNITED STATES of America, Plaintiff,**

v.

**917.45 ACRES OF LAND, More or Less, Situate IN SHANNON AND CARTER COUNTIES, STATE OF MISSOURI, G. E. Maggard, et al., Defendants.**

**No. S69 C 45.**

United States District Court, E. D. Missouri, Southeastern Division.

March 12, 1971.

Daniel Bartlett, Jr., U. S. Atty., Robert B. Schnieder, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Carl Barker, Jr., Clayton, Mo., and C. J. McEnery, Jr., St. Louis, Mo., for Tract No. OZAR 206.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, Chief Judge.

This matter was tried to the Court. Findings of fact and conclusions of law are set out hereafter.

## FINDINGS OF FACT

1. Tract OZAR 206 is a tract of land containing 158.05 acres, more or less, in Shannon County, Missouri, which was owned in fee simple at the time of trial, on November 23, 1970, by G. E. Maggard and Loreen Maggard, his wife. A description of this tract is more fully set out in the complaint and the exhibits attached thereto, which is incorporated in and made a part of these findings of fact.

2. The Government will acquire a fee simple title to the tract, subject to certain easements when final judgment is rendered and the Government deposits the money into Court. The date of valuation of this tract is the date of trial. The purpose of the taking is for the preservation of the Current River area in its natural state.

3. This tract of land is approximately twenty-seven miles south of Salem, Missouri, and is on both sides of the Current River. Missouri Route K and Missouri Route KK intersect on this property. Both of these roads are twenty-six foot paved hard surface roads, with eighty feet of right-of-way. In addition, there is an old county road, with a good surface, which runs parallel with the river, through much of the property. There is approximately nine thousand feet of highway frontage on Routes K and KK, and fifty-six hundred feet of frontage on the Current River. There is a privately-operated ferry, which is available on Route K, to cross Current River. This is also operated by the defendants. The property is used as a camp site and the defendants own a great number of canoes, which campers and others rent and use on the Current River. This is an excellent site for swimming, fishing, and to launch canoes. In addition, the defendants operate a grocery store on the property.

4. The income figures from the grocery store, canoe rentals, camp site and the operation of the ferry for the last five years are approximately as follows:

| 1970 | Gross income | $83,500 |
| | Net income | 63,000 |
| 1969 | Gross income | 59,000 |
| | Net income | 36,000 |
| 1968 | Gross income | 38,500 |
| | Net income | 23,500 |
| 1967 | Gross income | 24,000 |
| | Net income | 14,500 |
| 1966 | Gross income | 22,000 |
| | Net income | 14,000 |

The landowner has not segregated the income as between canoe rentals, grocery store, camp sites, and ferry. The landowner is not entitled to that portion of the income derived from rentals of the canoes, because the use of the canoes was in the Current River, which he does not own. The ferryboat fees are a very small portion of the income. Neither is he entitled to use the ferry income in establishing the value of his property.

5. (a) Mr. J. P. Bentley, appraiser for the landowner, found the highest and best use of the property to be for commercial purposes and estimated the gross income for commercial use to be $72,200, with net income of $44,700, with a net land rent to the landowner of $34,700 per year and a net profit to the operator to be $10,000 per year.

| Taking the $34,700 rental figure, he capitalized this at 15% and valued a portion of the land containing approximately 43 acres at | $231,000 |
| 38.5 acres at $2,000 per acre | 77,000 |
| 77 acres at $150 per acre | 11,550 |
| Total value | $319,550 |
| Taking a comparative sales approach he valued 5,600 feet of river front at $40 per foot | $224,000 |
| 900 feet of road frontage at $10 per foot | 90,000 |
| For a total | $314,000 |

(b) Mr. Syl Nahlik, an appraiser for the landowner, found the highest and best use of the property to be commercial and estimated the fair rental value of all the property to be $45,600 per year and capitalizing that figure, found the total value to be $304,000.

(c) Mr. Dub Crutcher, appraiser for the landowner, found the highest and best use of the property to be for commercial and cabin sites and found the market value to be $274,450.

(d) Mr. James F. Gamble, appraiser for the landowner, valued the property at $307,000.

6. (a) Mr. William E. Webb, appraiser for the Government, found the improvements to have a value of $21,000, the land $31,500, for a total value of $52,500.

(b) Mr. Tom McReynolds, appraiser for the Government, found the value of the property to be $58,000.

(c) Mr. M. F. Buffington, timber appraiser for the Government, valued the timber at $5,300.

 7. The Court finds the highest and best use of the land to be commercial and recreational, and the value of the tract being acquired by the Government to be $283,105. This includes:

| | |
|---|---|
| 40 acres for commercial use at $5,000 per acre | $200,000 |
| 50 acres of cabin sites at $1,000 per acre | 50,000 |
| 68.05 acres at $100 per acre | 6,805 |
| Value of the timber | 5,300 |
| Improvements | 21,000 |
| Total | $283,105 |

## CONCLUSIONS OF LAW

1. This Court has jurisdiction under the provisions of 28 U.S.C. § 1358, and other related statutes, and public Law 88–492, 88th Congress, S16, which was approved August 27, 1964, 78 Stat. 608, specifically authorizing the Secretary of the Interior to acquire property along the Current River and Jacks Fork River in Missouri.

2. The Court has carefully considered sales of comparable property as introduced in evidence and all other evidence relating to the reasonable rental value of the land.

3. Judgment will be entered for the landowners on tract OZAR 206 in the amount of $283,105. The United States Attorney is directed to prepare a judgment in accordance with these findings within ten (10) days from date.